IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


J. PATRICK DOHM,

                    Petitioner,

          v.                              CASE NO. 09-3088-RDR

UNITED STATES OF AMERICA,

                    Respondent.



O R D E R

     This matter is before the court on a pro se pleading titled as
a PETITION TO ALLOW A MOTION TO QUASH INDICTMENT AND FOR A WRIT OF
ERROR CORAM NOBIS.   Petitioner resides in Illinois, and has
submitted the $39.00 filing fee for filing this matter as a
miscellaneous action.   Because petition seeks relief similar to
habeas corpus, the court will direct the clerk's office to refund
payment beyond the $5.00 district court filing fee in a habeas
corpus case.

     Petitioner was convicted in the United States District Court
for the Northern District of Illinois on five counts of interstate
transportation of securities which he knew to have been converted
and taken by fraud, in violation of 18 U.S.C. § 2314.   *See* U.S. v.
Dohm, Case No. 82-CR-20003, *aff'd* (7th Cir. March 19,
1984)(unpublished opinion).[1]   Pursuant to 28 U.S.C. § 1651(a) and
Rule 60(b)(4) and 60(d)(1) and (3) of the Federal Rules of Civil

_____

     [1]*See also* Dohm v. Smith, 1985 WL 1297 (N.D.Ill. May 2,
1985)(unpublished opinion)(denying petition for relief under 28
U.S.C. § 2255).

Procedure, petitioner seeks to proceed on a motion in the nature of a writ of error coram nobis to quash the indictment in that criminal proceeding.   As support for his motion, petitioner contends the indictment in his 1982 case failed to allege the essential elements of the crime charged in the indictment, and argues the indictment was thus prima facie void and should be quashed pursuant to the holding in a Tenth Circuit case, U.S. v. Blackshere, 282 F.Supp. 846 (10th Cir. 1968).

Petitioner further contends a writ of error coram nobis in the District of Kansas is appropriate because a district court in the Northern District of Illinois informed petitioner in a 1996 opinion that the writ or error coram nobis was no longer recognized in that district.   The court disagrees.

In criminal cases, the common law writ of error coram nobis is available under the All Writs Act, 28 U.S.C.A. § 1651(a), which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."   U.S. v. Morgan, 346 U.S. 502 (1954).

The writ is not available to challenge the sentence or conviction for which the petitioner is currently in custody, where 28 U.S.C. § 2255 offers such relief.   See U.S. v. Hayman, 342 U.S. 205, 218 (1952)(§ 2255 "'restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis'")(quoting the 1948 Reviser's Note to § 2255).   But if a criminal defendant is no longer in custody pursuant to the criminal judgment and sentence being challenged, the writ of error coram nobis is available to the "rendering court, subject to certain

2

conditions, [to] correct its own judgment on the basis of some patent error affecting the validity or regularity of that judgment." Trenkler v. U.S., 536 F.3d 85, 98 and 90, n. 2 (1st Cir. 2008). As the Supreme Court has explained:  "Although the term has been served, the results of the conviction may persist.  Subsequent convictions may carry heavier penalties, civil rights may be affected.  As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid."  Morgan, 346 U.S. at 512-13 (footnote omitted).

However, the common law writ of coram nobis remains an extraordinary form of relief which a court should grant "only under circumstances compelling such action to achieve justice." Id. at 511. See also Casias v. U.S., 421 F.2d 1233, 1234 (10th Cir. 1970). It is typically "used to attack a judgement that was infirm [at the time it was issued], for reasons that later came to light" U.S. v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002)(quotation omitted). The writ cannot be used to reach issues that could have been raised by direct appeal.[2]  See U.S. v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994).

Significant to the instant action, a petition seeking a writ of error coram nobis must be brought to the original sentencing court. Carter v. Attorney General of U.S., 782 F.2d 138, 140 (10th Cir. 1986).  Because the Tenth Circuit further stated in Carter that "an action attacking a federal criminal conviction should be brought in

---

[2]It appears that petitioner's direct appeal from his 1982 conviction in the Northern District of Illinois included a claim that the indictment was fatally defective.

the district court that rendered the conviction, *at least so long as a remedy is available there*." id. at 141, petitioner argues his filing of the instant action in the District of Kansas is appropriate because the writ is not available in the Northern District of Illinois. Petitioner's reliance on this passage in Carter, and the cited passage in the 1996 Northern District of Illinois opinion, is misplaced.

The Seventh Circuit clearly has addressed requests for writs of error coram nobis, noting the demanding standards for obtaining such relief. For instance, in U.S. v. Sloan, 505 F.3d 685 (7th Cir. 2007), it found the defendant was not entitled to a writ of error coram nobis, remarking that "[t]he Supreme Court considers it "difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Id. at 697 (*quoting* Carlisle v. United States, 517 U.S. 416, 429 (1996)). The Seventh Circuit further stated that "[t]o the extent that the writ of coram nobis retains vitality in criminal proceedings, such relief is limited to (1) errors 'of the most fundamental character' that render the proceeding invalid, (2) situations where there are sound reasons for the failure to seek earlier relief, and (3) instances when the defendant continues to suffer from his conviction even though he is out of custody." Id. (*citing and quoting* Morgan, 346 U.S. 502, 509 n. 15).

Accordingly, finding no merit to petitioner's contention that the writ of error coram nobis is unavailable in the court in which he was convicted and sentenced, this court declines to exercise its jurisdiction over petitioner's challenge to his 1982 conviction in the Northern District of Illinois. Carter, 782 F.2d at 142.

IT IS THEREFORE ORDERED that this action is treated by court as similar to a habeas corpus petition for which the filing fee is $5.00.  The clerk's office is to refund to petitioner any payment accepted in excess of the $5.00 filing fee applicable to this case.

IT IS FURTHER ORDERED that petitioner's application for a writ of error coram nobis to quash the indictment in petitioner's conviction in the Northern District of Illinois is dismissed.

DATED:  This 21st day of May 2009, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge